HEARD APRIL TERM, 1876.

## BOLLING *vs.* STOKES.

To a bill by the executrix of a deceased trustee for the appointment of a trustee in the place of the deceased to whom she might account, as executrix, the children of a tenant for life entitled in remainder as well as the tenant for life herself are necessary parties.

BEFORE COOKE, J., AT GREENVILLE, JULY TERM, 1875.

This was a bill in equity, filed on May 21st, 1867, by Louisa C. Bolling against Abigail M. Stokes, T. Henry Stokes, her husband, Martha A. Hickson, William Hickson, her husband, and Anna Childs, and afterwards amended by making George W. Collins a party defendant. It alleged that Mary A. Bolling, deceased, made her last will and testament whereby she devised and bequeathed her whole estate to her executor to sell the same and hold the proceeds in trust for her four children, the said Abigail M. Stokes, Martha A. Hickson, Sarah S. Sullivan and Harriet M. Childs, and pay over to them, annually, the interest on the fund during their respective lives, and, on the death of any one of them, then her share, being one-fourth, to be paid over to her children. That

Harriet M. Childs intermarried with the said George W. Collins, and then died, leaving as her only child the defendant, Anna Childs. That Sarah S. Sullivan had also died leaving children. That Thaddeus C. Bolling, the husband of the plaintiff, was appointed executor of the will; that he qualified as executor and sold the estate; that he died early in the year 1866, leaving a last will and testament, of which the plaintiff was appointed executrix; that the trust fund was in her hands as executrix, and that she was unable to manage and take care of the same.

The bill prayed "that a suitable trustee may be appointed for Abigail M. Stokes and Martha A. Hickson, to whom she (the plaintiff) may pay over and transfer their trust estates under the will of their mother above mentioned." It further prayed "that titles may be made to Anna Childs for the house and lot purchased by her mother, as already stated, in lieu of her share of her grandmother's estate," and that the share due the children of Sarah S. Sullivan be adjudicated and settled under a bill which they had filed against the plaintiff.

The defendants, Abigail M. Stokes and T. Henry Stokes, put in answers. In July, 1867, an order was made by Chancellor Lesesne referring it to the Commissioner of the Court to ascertain and report the amount of the trust fund in the hands of the plaintiff belonging to the defendants, respectively; whether it would be to the interest of the minor, Anna Childs, to take the house and lot purchased by her mother, or whether the defendant, George W. Collins, should be permitted to take the same and pay for it at the price at which it was sold. That he also report as to the condition of the investments made by the trustee, &c.; also suitable trustees for Mrs. Abigail M. Stokes and Mrs Martha A. Hickson, with leave to report any special matter. In 1869 the Clerk of the Court made a report under the above stated order upon all the points which were therein referred to the Commissioner. As to the amount of the trust fund, he reported that on the 14th of April, 1862, a final settlement of the estate was made by the executor before the Ordinary, wherein it was found that there was due the three defendants, Anna R. Childs, Martha A. Hickson and Abigail M. Stokes, each the sum of $2,760.11. As to the house and lot, he recommended that it be conveyed to George W. Collins. He also reported as to the investments and their partition amongst the parties entitled thereto. He recommended that

the whole matter as to the account by the plaintiff as executrix be referred to the Judge of Probate for "a new settlement to be there made of the estate of Mary A. Bolling, and a new decree be given thereon, &c. He also recommended that T. Henry Stokes be appointed trustee for his wife and William Hickson for his wife.

On September 24, 1869, Judge Orr made a decree confirming the report of the Clerk and making it the decree of the Court.

On December 14, 1869, the Judge of Probate made what purported to be a final decree upon the accounts of the executor of Mary A. Bolling, deceased, in which he stated that the trust fund amounted to $11,280.35; that Mrs. Stokes and Mrs. Hickson had been paid more than was due each of them. Then he ordered that they each refund the amount over paid her; that the notes in which investments were made be transfered to the parties entitled to the same, and that the executrix of the said Thaddeus C. Bolling, deceased, "be discharged from further accounting to this Court on her complying with the terms of this decree."

In December, 1871, Abigail M. Stokes filed a petition in the Court of Probate against Louisa C. Bolling, executrix of Thaddeus C. Bolling, praying that she be required to account for the annual interest of the petitioner's share of the trust fund, alleging that such share amounted to $2,760.11¼ and $300. The petition stated the death of Mary A. Bolling possessed of a considerable real and personal estate; that she left a last will and testament, bearing date January 15th, 1853. It also stated the contents of the will so far as the rights and interests of the four tenants for life were concerned; it set forth a copy of the decree of 14th April, 1862, by which the share of the petitioner was ascertained to be $2,760.11¼; and it further alleged that the petitioner was entitled to another sum of $300, being her share of the proceeds of the sale of some Florida lands; and that on 26th May, 1866, the executor died, leaving a last will and testament, in which he appointed the defendant, Louisa C. Bolling, executrix; that the said will had been admitted to probate, and that she, the defendant, had qualified as executrix.

On November 1, 1872, the Judge of Probate made a decree by which he set aside the decree of the Ordinary of 14th of April, 1862, and held that the amount due to the petitioner was that found to be due by the Court of Probate on 14th of December, 1869, which was $673.87, and the note of T. Henry Stokes for $487.58, (which was assigned to her in said settlement, the said amount and

note having been reduced one-half,) and also interest on the amounts received since said settlement; and the interest, amounting to $229.10, he ordered the defendant, as executrix, to pay to the petitioner.

The petitioner appealed from the decree of the Judge of Probate to the Circuit Court.

On 30th of March, 1874, His Honor Judge Cooke made an order " that the case be referred back to the Judge of Probate and for an accounting by the executrix of any funds that may have come into her hands since the decree of the Court of 1869, or that were not accounted for at that time."

On May 1, 1874, the Judge of Probate made a report to the Circuit Court under the above mentioned order, in which he stated that " the defendant had already accounted in her annual returns for all sums received by her since the final settlement made by this Court the 14th of December, 1869," and that the attorney for the plaintiff had insisted on taking into the account receipts given by the plaintiff and her husband to the defendant for interest due the plaintiff, " but as they were all given and dated before the final settlement in 1869, the Court ruled them out on the ground that the order did not contemplate going back of said final settlement unless there were moneys unaccounted for." The petitioner appealed from the above decision of the Judge of Probate, the notice of appeal being entitled *Abigail M. Stokes, plaintiff,* vs. *Louisa C. Bolling, executrix, defendant,* in the Court of Probate.

On July 9th, 1875, His Honor Judge Cooke made an order entitled *Abigail M. Stokes* vs. *Louisa C. Bolling, executrix,* appeal from Probate Court, whereby he ordered " that the cause entitled *Louisa C. Bolling, executrix, &c.,* vs. *Anna R. Child, Abigail M. Stokes, Martha A. Hickson and William Hickson,*" being a bill filed in the Court of Equity for Greenville County (their District) on May 21st, 1867, be restored to Calendar No. 3 of this Court;" that the children of Mrs. Abigail M. Stokes be made parties defendant to the said cause, and that the petition above entitled be retained, and that the same, with the case in equity, after amendment, be referred to a Referee to state the account between the petitioner and Louisa C. Bolling, the executrix, and he overruled a motion of defendant's counsel to dismiss the petition upon the ground of *res adjudicata,* under the proceedings filed in 1876 in the Court of Equity.

The defendant, Louisa C. Bolling, appealed from the order of His Honor Judge Cooke above stated, entitling her notice of appeal *Abigail M. Stokes, respondent, petitioner, vs. Louisa C. Bolling, executrix, appellant, defendant,* appeal from Judge of Probate.

The grounds of appeal were as follows:

1. It is respecfully submitted that His Honor erred in overruling the motion of the defendants to dismiss the appeal, because the matter was adjudicated.

2. It is respectfully submitted that His Honor erred in ordering the case of Louisa C. Bolling, executrix, *vs.* A. M. Stokes *et al.,* restored to the docket, because the said cause had been heard and decided by His Honor Judge Orr at the September Term of the Court, 1869, and from that decision there had been no appeal.

3. It is respectfully submitted that His Honor erred in ordering the children of the said Abigail M. Stokes to be made parties to the suit because they have no interest in the subject matter of this suit, the same being to determine the interest of the life tenant and not of the remaindermen.

4. Because it is respectfully submitted that the order of His Honor is contrary to the law.

*Perry & Perry, Moore & Earle,* for appellant.

*Sullivan & Stokes,* contra.

June 23, 1876. The opinion of the Court was delivered by

WILLARD, A. J. The proceedings upon the record are confused and evidently in some respects erroneously described. As far as we can understand their nature and import, they were as follows:

A bill was originally filed bearing the above title, alleging the will of Mary A. Bolling, by which her four children took life estates in certain property, with remainders to the children of such children. The life estates were put in trust, T. C. Bolling being therein designated as trustee. It alleges the death of the trustee, that the complainant was the executrix of such trustee and the death of one of the children, leaving children to take under the remainders. Those entitled to take by way of remainder were not made parties. The bill prayed the appointment of a trustee in the place of the deceased trustee, to whom the complainant might account as executrix. The defendant, Abigail M. Stokes, one of the

children of the testator, was made a party and answered. The result of the bill was an interlocutory order, directing a reference to a commissioner to take proof and report as to a special matter set forth in the pleadings that need not be particularly referred to, also as to the condition of the investments and as to a suitable trustee. A report was made under this reference, which was confirmed. Among other things it was ordered, upon the confirmation of the report, that in a settlement in the Probate Court certain payments be allowed, and that T. H. Stokes be appointed trustee for his wife Abigail M. Stokes, upon entering into bonds, &c. It appears that the trustee named never qualified. No trustee appears to have been made to represent any of the children. It appears that subsequently an accounting was had before the Judge of Probate, but the trust estate was not represented as such, nor were the grandchildren made parties to such settlement.

It is to be inferred, from the fact of a reference to the Probate Court, that it was in contemplation that the executrix of the former trustee should account as executor alone, and not as trustee, and that the trust estate should be represented in such accounting. The effect of the accounting that took place, as referred to above, is in issue between the parties, both as it regards Mrs. A. M. Stokes and the other parties entitled to life estates or remainders. The order appealed from, although entitled in the petition before the Probate Court, appears to us to be in reality an order made in the suit instituted by the original bill, and so should have been entitled. That order appears to us unobjectionable so far as it reinstates that cause on the docket and provides for making those entitled to remainders parties. The leading object of the bill never was accomplished, namely, the appointment of a trustee. The other objects of the bill cannot be properly accomplished without making all parties entitled to life estates and remainders under the original will parties, inasmuch as the corpus of the estate is intended to be affected by it as the disposition of annual income.

The other matters contained in the order, in our judgment, were prematurely disposed of. The proper parties should be before the Court before any attempt is made to unravel the complicated proceedings that have taken place subsequently to the first interlocutory decree already referred to.

The order should be affirmed, so far as it directs the original suit to be docketed and directs further parties to be made to the

bill. As to all other matters, it should be modified so as to reserve such matters for future consideration, after the proper parties are all before the Court.

*Moses*, C. J., and *Wright*, A. J., concurred.